**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEKSANDR KARATAEV, | |
| Plaintiff | CIVIL ACTION NO. 3:26-CV-02016 |
| v. | (MEHALCHICK, J.) |
| CRAIG LOWE, et al., | |
| Defendant. | |

## ORDER

Before the Court is Petitioner Aleksandr Karataev's ("Karataev") petition for writ of habeas corpus and memorandum in support. (Doc. 1; Doc. 2). For the following reasons, Karataev's petition (Doc. 1) will be **DENIED**.

Karataev commenced this action on July 20, 2026 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241, requesting that Respondent Craig Lowe ("Lowe") release him from custody at the Pike County Correctional Facility. (Doc. 1, at 8). Karataev avers that his bond hearing before an immigration judge on May 21, 2026 was an incorrect and unfair proceeding. (Doc. 1, at 8). Karataev is a Russian native who resided in the United States for five years before Immigration and Customs Enforcement ("ICE") apprehended him and placed him in removal proceedings and immigration detention. (Doc. 2, at 3). Karataev previously sought relief from immigration detention by filing a petition for writ of habeas corpus in the Western District of Pennsylvania on March 17, 2026. *Karataev v. Warden*, 3:26-CV-00707, Dkt. No. 1. In that proceeding, the Honorable J. Nicholas Ranjan granted Karataev's habeas petition and ordered Respondents to provide Karataev with a bond hearing before an immigration judge. *Karataev v. Warden*, 3:26-CV-00707, Dkt. No. 13. In compliance

with that order, Respondents provided Karataev with a bond hearing before an immigration judge on May 21, 2026, in which the immigration judge denied bond, finding Karataev to be a flight risk. (Doc. 2-1, at 2); *Karataev v. Warden*, 3:26-CV-00707, Dkt. No. 22. On June 4, 2026, Karataev filed an emergency motion to reopen his case in the Western District of Pennsylvania, contending that his bond hearing was not adequate. (Doc. 2, at 5); *Karataev v. Warden*, 3:26-CV-00707, Dkt. No. 17. After reviewing the transcript from Karataev's bond hearing, Judge Ranjan denied Karataev's motion to reopen and enforce, finding that Karataev received a fundamentally fair bond hearing pursuant to 8 U.S.C. § 1226(a). *Karataev v. Warden*, 3:26-CV-00707, Dkt. No. 22.

The Court liberally construes Karataev's instant petition, filed six days after Judge Ranjan denied his motion to enforce, to be a motion for reconsideration. To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court...[rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration is "extremely limited" in scope and may not be used "as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Given courts' preference for finality, "motion[s] for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

The prohibition against successive petitions filed under 28 U.S.C. § 2254 or 28 U.S.C. § 2255 does not apply to petitions for habeas corpus filed in the immigration context under 8

2

28 U.S.C. § 2241; however, the abuse of writ doctrine may apply to bar successive immigration habeas petitions. *Zayas v. I.N.S.*, 311 F.3d 247, 255-56 (3d Cir. 2002); *Abdel-Whab v. Secretary of Dept. of Homeland Sec.*, 132 F. App'x 988, 989-90 (3d Cir. 2005). A successive immigration habeas petition, "which raises grounds identical to those raised and rejected on the merits, need not be entertained." *Esogbue v. Holmes*, 142 F. App'x 98, 100 (3d Cir. 2005) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). When a petitioner fails to indicate any new claims or provide an explanation for failing to raise such issues in his first habeas petition, a successive § 2241 petition is properly dismissed as an abuse of the writ. *Abdel-Whab*, 132 Fed. App'x at 990 (citing *Zayas*, 311 F.3d at 258).

Courts in the Third Circuit have found that 8 U.S.C. § 1226 applies to noncitizens who previously entered the country and have been residing in the United States for an extended period of time prior to being apprehended and placed in removal proceedings. *See Cantu-Cortes v. O'Neill*, No. 25-CV-6338, 2025 WL 3171639, at *1-*2 (E.D. Pa. Nov. 13, 2025); *see Kashranov v. J.L. Jamison, et al.*, No. 2:25-CV-05555, 2025 WL 3188399, at *5 (E.D. Pa. Nov. 14, 2025); *see Del Cid v. Bondi*, No. 3:25-CV-00304, 2025 WL 2985150, at *14-*17 (W.D. Pa. Oct. 23, 2025); *see also Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *4-*7 (D.N.J. Oct. 22, 2025). Courts in the Third Circuit have further found that noncitizens detained pursuant to 8 U.S.C. § 1226(a) are generally entitled to a bond hearing. *See Cantu-Cortes*, 2025 WL 3171639, at *2; *see Kashranov*, 2025 WL 3188399, at *8; *see Del Cid*, 2025 WL 2985150, at *18; *see also Bethancourt Soto*, 2025 WL 2976572, at *9.

Karataev does not provide any changes in controlling law between when Judge Ranjan denied his motion to reopen and when he filed the instant habeas petition, nor does Karataev provide newly available evidence or manifest errors of law. (*See* Doc. 1; Doc. 2). Karataev

likewise does not provide any indication that the posture of his detention has changed since he filed his previous habeas petition. (*See* Doc. 1; Doc. 2). As a Russian native who resided in the United States for five years before Immigration and Customs Enforcement apprehended him and placed him in removal proceedings, Karataev is properly detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing. (Doc. 2, at 3); *See Cantu-Cortes,* 2025 WL 3171639, at *1-*2; *see Kashranov,* 2025 WL 3188399, at *5; *see Del Cid,* 2025 WL 2985150, at *14-*17 (W.D. Pa. Oct. 23, 2025); *see also Bethancourt Soto,* 2025 WL 2976572, at *4-*7. Karataev received the bond hearing he is entitled to pursuant to § 1226(a) on May 21, 2026. (Doc. 2, at 4; Doc. 2-1, at 2); *Karataev v. Warden,* 3:26-CV-00707, Dkt. No. 22. As Judge Ranjan already conducted a review of the transcript and determined that Karataev's bond hearing was fundamentally fair, and Karataev provides no indication that the posture of his immigration detention changed nor any intervening changes in law, Karataev's petition for writ of habeas corpus, liberally construed as a motion for reconsideration, is **DENIED**. *Karataev v. Warden,* 3:26-CV-00707, Dkt. No. 22; *United States ex rel. Shumann,* 769 F.3d at 848-49; *Esogbue,* 142 F. App'x at 100; *Abdel-Whab,* 132 Fed. App'x at 990.

**Dated: July 30, 2026**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**